**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**NICOLE DAYES,**

                    **Plaintiff,**

          **v.**

**PATRICIA BAILEY,**

                    **Defendant.**
_____

**PATRICIA BAILEY,**

               **Third-Party Plaintiff,**

          **v.**

**UTICA MUTUAL INSURANCE**
**COMPANY et al.,**

               **Third-Party Defendants.**
_____

**5:20-cv-964**
**(GLS/ML)**

### <u>SUMMARY ORDER</u>

Third-party plaintiff Patricia Bailey commenced this third-party action alleging two breach of contract claims, which seek indemnification and defense, and a claim for bad faith insurance claims processing against third-party defendants Utica Mutual Insurance Company, Republic Franklin Insurance Company, and Devin Farley.  (Am. Third-Party Compl., Dkt.

No. 102.)  Pending is third-party defendants' motion to dismiss.  (Dkt. No. 104.)  For the reasons that follow, the motion is granted.

Consistent with the standard of review, the facts are drawn from Bailey's amended third-party complaint, (*see generally* Am. Third-Party Compl.), and presented in the light most favorable to her, the applicable insurance contract, (hereinafter, "the Contract"), which Bailey incorporates by reference, (*id.* ¶ 107; *see* Dkt. No. 68, Attach. 2), and the underlying complaint, (Compl., Dkt. No. 1), insofar as the court takes judicial notice of the claims asserted against Bailey therein, for which she seeks indemnification and defense.  *See Fido's Fences, Inc. v. Radio Sys. Corp.*, 999 F. Supp. 2d 442, 448 n. 2 (E.D.N.Y. 2014) (taking judicial notice of facts contained in pleadings from separate litigation "not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation" (quoting *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir.1991)).

At the relevant time, Bailey was employed as a fourth grade school teacher by Watertown City School District (WCSD).  (Am. Third-Party Compl. ¶ 4.)  Bailey was named as a defendant in the principal underlying action, and WCSD sought indemnification and defense on her behalf from

Republic Franklin, an agent of Utica Mutual, pursuant to the Contract. (*Id.*
¶¶ 5, 107, 126-27.) Devin Farley and Utica Mutual "administered the
claim" for indemnification and defense, ultimately denying it. (*Id.* ¶¶ 128,
130.)

The Contract provides for two types of coverages relevant to this
action: "Coverage A" and "Coverage B." (*Id.* ¶¶ 112, 113.) Coverage A
provides that Republic Franklin "will pay those sums that the insured
becomes legally obligated to pay as damages because of 'bodily injury' . . .
to which this insurance applies" and "will have the . . . duty to defend the
insured against any 'suit' seeking those damages." (Dkt. No. 68, Attach. 2
at 246.)[1] The Contract further specifies that Coverage A only applies to
"bodily injury" that "is caused by an 'occurrence,'" with "occurrence" defined
as "an accident, including continuous or repeated exposure to substantially
the same general harmful conditions." (*Id.* at 260, 263.)

Coverage B provides that Republic Franklin "will pay those sums
that the insured becomes legally obligated to pay as damages because of
'personal and advertising injury' to which this insurance applies" and "will

---

[1] Citations to the Contract refer to the pagination generated by CM/ECF, the Court's electronic filing system.

3

have the . . . duty to defend the insured against any 'suit' seeking those damages." (*Id.* at 264.)  Under the Contract "personal and advertising injury" includes "discrimination" which the Contract specifies: "[i]n the State of New York, . . . only means actual or alleged conduct . . . [t]hat results in disparate impact[,] or . . . [t]hat [the insured is] vicariously liable for." (*Id.* at 193-94.)

The underlying complaint asserted substantive due process, equal protection, and intentional infliction of emotional distress claims against Bailey.  (Compl. ¶¶ 39-63, 76-81.)  These claims stemmed from Bailey's alleged intentional and racially-discriminatory conduct: conducting a "mock slave auction" in her classroom in which two "African-American student[s] in the class . . . serve[d] as the 'slaves' for the auction . . . while their classmates . . . bid on them." (*Id.* ¶¶ 15-17, 45, 58, 79.)

The standard of review under Rule 12(b)(6) of the Federal Rules of Civil Procedure is well settled and will not be repeated here.  For a full discussion of the governing standard, the court refers the parties to its prior decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010), *abrogated on other grounds by Altman v. J.C. Christensen & Assocs., Inc.*, 786 F.3d 191 (2d Cir. 2015).

Among other arguments,[2] third-party defendants seek dismissal because Bailey is not entitled to indemnity or defense pursuant to the Contract because neither Coverage A nor B applies as a matter of law. (Dkt. No. 104, Attach. 1 at 12-19.)  Specifically, they argue that Bailey is excluded from both forms of coverage because the underlying complaint alleges intentional, discriminatory conduct by Bailey.  (*Id.*)  Additionally, they contend that "[b]ecause there is no coverage for Bailey under the [Contract], Bailey's claim of bad faith must be dismissed."  (*Id.* at 19.) Bailey contends that she "did not wish to harm her students but instead was just teaching the historically accurate curriculum she was required to teach in the manner prescribed by the school district" and, "thus[,] the fact that there [wa]s some resulting harm is merely accidental" bringing her within the scope of Coverage A or B.  (Dkt. No. 105 at 9-13.)  She further asserts that denial of such coverage constituted bad faith.  (*Id.* at 14-18.)

Insurance policies "are interpreted according to general rules of contract interpretation."  *Olin Corp. v. Am. Home Assurance Co.*, 704 F.3d

---

[2] Because third-party defendants' motion is granted for the reasons discussed below, the court need not address third-party defendants' additional arguments.  (Dkt. No. 104, Attach. 1 at 19-26.)

89, 98 (2d Cir. 2012).  Pursuant to New York law,[3] "the initial interpretation of a contract is a matter of law for the court to decide" and "[i]ncluded in this initial interpretation is the threshold question of whether the terms of the contract are ambiguous."  *Alexander & Alexander Servs., Inc. v. These Certain Underwriters at Lloyd's, London, England*, 136 F.3d 82, 86 (2d Cir. 1998) (citations omitted).  "When a[ contract] is unambiguous on its face, it must be enforced according to the plain meaning of its terms."  *Lockheed Martin Corp. v. Retail Holdings, N.V.*, 639 F.3d 63, 69 (2d Cir. 2011) (citing *South Rd. Assocs., LLC v. IBM*, 4 N.Y.3d 272, 277 (2005)).  A contract is unambiguous where the contract's terms have "a definite and precise meaning, as to which there is no reasonable basis for a difference of opinion."  *Id.* at 69 (citing *White v. Cont'l Cas.*, 9 N.Y.3d 264, 267 (2007)). If reasonable minds could differ about the meaning of contractual language, however, such language is ambiguous.  *Id.* (citation omitted).[4]

"[A]n insurer's obligation to indemnify an insured must be based on

---

[3] The parties agree, and the court concurs, that New York law governs this case.  (Dkt. No. 104, Attach. 1 at 12; Dkt. No. 105 at 2 n.2.)

[4] Although neither party argues that the terms of the Contract are ambiguous, (*see generally* Dkt. No. 104, Attach. 1; Dkt. No. 105), the court finds no ambiguity, and, thus, the court "enforce[s the Contract] according to the plain meaning of its terms."  *Lockheed Martin*, 639 F.3d at 69.

the insurance agreement," and, under New York law, "[a]n insured has the burden of proving that the provisions of a policy provide coverage." *Waiting Room Solutions v. Excelsior Ins. Co.*, No. 19-CV-7978, 2020 WL 5505386, at *7 (S.D.N.Y. Sept. 9, 2020) (citations omitted).  "[T]he insurer is relieved of its obligation to defend the insured only if there is no  possible factual or legal basis on which the insurer might eventually be held to be obligated to indemnify the insured" or where the "insurer can show that the allegations of the [underlying] complaint are solely and entirely within the policy exclusions, and that the allegations, *in toto*, are not subject to any other interpretation."  *Id.* (quoting *Brooklyn L. Sch. v. Aetna Cas. & Sur. Co.*, 849 F.2d 788, 789 (2d Cir. 1988)) (internal quotation marks and other citation omitted).

Where a policy requires an injury to flow from an accidental "occurrence"—"a standard [provision] that has commonly appeared in comprehensive general liability policies"—"[r]ecovery will be barred . . . if the insured intended the damages, or if it can be said that the damages were . . . intended by the insured because the insured knew that the damages would flow directly and immediately from [the] intentional act." *Brooklyn Ctr. for Psychotherapy, Inc. v. Philadelphia Indem. Ins. Co.*, 955

F.3d 305, 310 (2d Cir. 2020) (internal quotation marks and citations omitted).  "In other words . . . damages that are not intended by an insured are considered 'accidental,' and an act causing such unintended damages is considered an 'occurrence.'"  *Id.* at 311.  The analysis with respect to whether the insured intended the damages "depends on the facts which are pleaded" in the underlying complaint, and  "where the theory of liability on which the injured party is proceeding cannot be determined from the facts pleaded, the insurer must defend."  *Allstate Ins. Co. v. Mugavero*, 79, N.Y.2d 153, 162-63 (N.Y. 1992); *see NHJB, Inc. v. Utica First Ins. Co.*, 187 A.D.3d 1498, 1498 (4th Dep't 2020) ("The analysis of whether a[ policy] exclusion applies depends on the facts which are pleaded . . . in the underlying complaint" (internal quotation marks and citation omitted)).

In the underlying complaint, plaintiff alleges that Bailey acted with racially discriminatory intent.  (Compl.  ¶¶ 45, 58, 79.)  Accordingly, regardless of Bailey's contentions regarding the motivation for her conduct in the third-party action, (Dkt. No. 105 at 9-13), she is excluded from indemnity and defense coverage under Coverage A of the Contract, which only applies to "bodily injury" that is caused by an "accident[al]" "occurrence."  (Dkt. No. 68, Attach. 2 at 260, 263); s*ee Truck Ins. Exch. v.*

8

*Mager*, No. 3-06-cv-1058, 2007 WL 3119531, at *2 (D. Conn. October 22, 2007) ("The facts alleged in the underlying complaint are indisputably intentional and do not fall within the definition of 'occurrence' as an 'accident' or unintended event."); *see also E. Ramapo Cent. Sch. Dist. v. N.Y. Schs. Ins. Reciprocal*, 150 A.D.3d 683, 685 (2d Dep't 2017) ("A duty to defend is triggered by the allegations contained in the underlying complaint." (citation omitted)).

Bailey is also excluded from Coverage B under the Contract. Coverage B provides coverage only with respect to "discrimination" "[t]hat results in disparate impact . . . or . . . [t]hat [the insured is] vicariously liable for." (Dkt. No. 68, Attach. 2 at 193-94.) Bailey concedes that the vicarious liability clause of Coverage B is unavailable to her. (Dkt. No. 105 at 12 n.6.) Additionally, Bailey's argument that "she did not intend to injure any of her students," thus, bringing her within the scope of the disparate impact clause of Coverage B, is without merit, because the underlying complaint does not allege disparate impact, but, rather, disparate treatment. (Compl. ¶¶ 45, 58, 79); *see E. Ramapo*, 150 A.D.3d at 685 ("A duty to defend is triggered by the allegations contained in the underlying complaint." (citation omitted)).

9

Finally, because Bailey was excluded from both Coverage A and B, and, thus, third-party defendants' denial of coverage does not constitute a breach, her cause of action for bad faith must also be dismissed. *See U.S. Fidelity & Guar. Co. v. Ashley Reed Trading, Inc.*, 43 F. Supp. 3d 271, 281 (S.D.N.Y 2014) (citing *Zurich Ins. Co. v. Texasgulf, Inc.*, 649 N.Y.S.2d 153, 153 (1st Dep't 1996)).  Accordingly, third-party defendants' motion to dismiss is granted, and the amended third-party complaint is dismissed.

Accordingly, it is hereby

**ORDERED** that third-party defendants' motion to dismiss (Dkt. No. 104) is **GRANTED**; and it is further

**ORDERED** that Bailey's amended third-party complaint (Dkt. No. 102) is **DISMISSED**; and it is further

**ORDERED** that the Clerk terminate the third-party action; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

September 30, 2022
Albany, New York

Gary L. Sharpe
U.S. District Judge

10